IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| | ) | Criminal No. 2:06-cr-1208-BHH |
| v. | ) | |
| | ) | |
| Aldi Caban, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon Defendant Aldi Caban's ("Caban") pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and his pro se motion to expedite. (ECF Nos. 570, 583.) The government filed a response in opposition to Caban's motion for compassionate release, and the matter is ripe for review. (ECF No. 582.)

After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court denies Caban's motion for compassionate release, thereby mooting his motion to expedite.

First, the Court notes that Caban may not use a compassionate release motion to evade limits on post-conviction relief, and the Court finds that *United States v. Ferguson*, 55 F.4f 262 (4th Cir. 2022), forecloses Caban's argument pertaining to his career-offender status. Second, because Caban's motion essentially amounts to a second or successive motion under 28 U.S.C. § 2255, the Court also notes that it lacks jurisdiction to consider Caban's arguments related to his career offender status. In any event, Caban fails to establish an extraordinary and compelling reason for compassionate release by recasting his claim of an alleged Guidelines error as a challenge to a sentencing disparity. With respect to Caban's argument that he has completed additional training and has not had an incident report in seven years, the Court finds these reasons insufficient to

warrant a sentence reduction. Lastly, even if Caban has presented extraordinary and compelling reasons to support a sentence reduction, the Court finds that the § 3553(a) factors still weigh heavily against any sentence reduction. As this Court has noted on other occasions, Caban was a large scale drug trafficker who was armed with and used weapons, and his sentence serves to protect the public.

**Based on the foregoing, it is ORDERED that Caban's motion for compassionate release (ECF No. 570) is denied, and his motion to expedite (ECF No. 583) is found moot. IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 4, 2024
Charleston, South Carolina